# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00733-KDB-WCM

| | |
|---|---|
| MELANIE STROUD,<br><br>**Plaintiff,**<br><br>v.<br><br>COCA-COLA CONSOLIDATED, INC.,<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Objection to Magistrate Judge's Decision (Doc. No. 47) and Motion to Stay (Doc. No. 46). The Court has carefully considered these motions, Plaintiff's memoranda in support and the Magistrate Judge's ruling. For the reasons discussed below, the Court will **DENY** the motions.

A district court judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, including discovery disputes. *See* 28 U.S.C. § 636(b)(1)(A); *Honeywell Int'l, Inc. v. OPTO Elecs. Co.*, No. 321CV00506KDBDCK, 2023 WL 2959883, at *1–2 (W.D.N.C. Mar. 21, 2023); *Mason v. Health Mgmt. Assocs. LLC*, No. 3:10-CV-472-KDB, 2020 WL 7186759, at *2 (W.D.N.C. Dec. 7, 2020). Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on such non-dispositive matters within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's ruling on a non-dispositive discovery issue, the district court will modify or set aside any part of the order only if it is "clearly erroneous or is contrary to law." *Id*. Under the clearly erroneous standard, the reviewing court does not ask whether a finding is

1

"the best or only conclusion permissible based on the evidence." *In re Subpoena of Am. Nurses Ass'n*, No. 08-CV-0378, 2013 WL 5741242, at *1 (D. Md. Aug. 8, 2013) (quoting *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010)). Rather, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Walton v. Johnson*, 440 F.3d 160, 173-74 (4th Cir. 2006).

"An order is 'contrary to law' where it fails to apply or misapplies relevant statutes, case law or rules of procedure." *See Meineke Car Care Centers, Inc. v. RLB Holdings, LLC,* No. 3:08-CV-240-RJC-DSC, 2011 WL 13217997, at *1 (W.D.N.C. Sept. 30, 2011) (citations omitted); *Winthrop Resources Corp. v. Commscope, Inc. of North Carolina*, No. 5:11-CV-172, 2014 WL 5810457, at *1 (W.D.N.C. Nov. 7, 2014). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes ... should be afforded 'great deference.'" *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018), amended on reconsideration, 402 F. Supp. 3d 153 (D. Md. 2019) (internal quotations and citations omitted); *see also Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) (stating that "[a] district court owes substantial deference to a magistrate judge in considering a magistrate judge's ruling on a non-dispositive motion"); 12 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 3069 (2d ed. 1997) (observing that altering a magistrate judge's non-dispositive orders is extremely difficult to justify); *Cullen v. Hall Auto., LLC*, No. 2:21CV47, 2022 WL 1262549, at *1 (E.D. Va. Apr. 28, 2022) (same). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate

2

judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W. Va. 2014) (quoting *Shoop v. Hott,* No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)). Importantly, "it is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

Here, Magistrate Judge Metcalf carefully and thoughtfully addressed the Parties' various discovery disputes and his Order thoroughly explains his decision, with which this Court concurs. Certainly, his rulings are not clearly erroneous or contrary to law. Therefore, Plaintiff's Objections will be Overruled, the Order (Doc. No. 45) Affirmed, and Plaintiff's Motion to Stay Denied as moot.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Objection to Magistrate Judge's Decision (Doc. No. 47) is **OVERRULED;**

2. The Magistrate Judge's challenged Order (Doc. No. 45) is **AFFIRMED**; and

3. Plaintiff's Motion to Stay (Doc. No. 46) is **DENIED** as moot.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 5, 2026

Kenneth D. Bell
United States District Judge